WELLS *against* HATCH.

THE plaintiff having made a case in this cause, upon which to move for a new trial, a motion was made in his behalf, to bring on the argument upon its order on the calendar : But

An affidavit of the defendant's attorney was read on the other side, stating that on the 28*th* day of *February,* when it was too late to notice the cause for argument, no copy of the case settled by the circuit judge had been served on him. And a motion was made in his behalf, grounded on this affidavit, (he having also served notice of argument,) that a new trial be denied. And for him was cited *Honay* v. *Chesterman,* (5 *Cowen,* 22.) Contra, was cited, *Delamater* v. *Smith,* (16 *John.* 2.)

*A motion for such rule as a party is entitled to, upon the ground that a copy of the case is not served upon him, according to the practice of the supreme court, must be noticed and brought on as a non-enumerated motion.*

*W. Hay,* for the defendant.

*I. W. Paddock,* for the plaintiff.

*Curia. Delamater* v. *Smith,* (16 *John.* 2,) lays down the rule of practice, when it is intended to move to strike the cause from the calendar, so as to prevent its being argued. Notice must, in such case, be given as for a nonenumerated motion. In *Honay* v. *Chesterman,* (5 *Cowen,* 22,) the motion was, that a new trial be denied, on the ground that the party making the case had not served a copy in due season, and the opposite party had noticed it for argument. We granted the motion, on the cause being moved upon the calendar, without our attention being called to the inconvenience of thus mingling motions of an

enumerated and non-enumerated character together ; and the surprise which such a practice may many times produce to the party making the case. We think the practice should be uniform in these motions which relate to the calendar ; and that where a copy of the case is not served according to the practice of this court, the application to deny the motion sought by the case, or for such rule as the party is entitled to by the neglect, shall come on upon a regular notice, as for a non-enumerated motion.

Rule accordingly.

---

Ex parte Drew.

*Where the defendant in a justice's court, pleads title to an action of trespass quare clausam fregit, he is bound to abide by his plea, on the same action being brought in the C. P. tho' the action in the C. P. be not commenced at or before the term of the C. P. next after the plea is interposed in the justice's court.*

Myers sued *Drew* in a justice's court, for trespass *quare clausum fregit*, alleged to have been committed in *Renssalear county*. Drew justified by a plea of title, on the 4*th* of *June*, 1825, and entered into a recognizance, such as is required by the 9th section of the 50 dollar act, (*sess.* 47, *p.* 283.) In *May*, 1826, a *capias ad respondendum* was served on *Drew*, at the suit of *Myers*, issued out of the *Rensselaer* C. P. two terms of that court having intervened between the time of pleading, &c. before the justice, and the issuing of the *capias*. *Myers* declared for the same trespass as the one in question before the justice ; *Drew* put in special bail, and pleaded the general issue, which the C. P. on motion, ordered to be stricken out, with costs.

*J. Van Vleck*, for *Drew*, now moved for a mandamus, commanding the C. P. to vacate the rule to strike out, &c. and receive the plea. He said the only question was, whether the plaintiff could hold the defendant to his plea of title, in an action not brought till after the term next following the interposition of the plea in the justice's court : and contended that he could not. He said the C. P. held, that by not commencing his action by the next term of the C. P. the plaintiff merely lost his right to compel the de-